

MINUTE ENTRY
FELDMAN, J.
March 15, 2000

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERREBONNE PARISH SCHOOL BOARD | * | CIVIL ACTION |
| VERSUS | * | NO. 00-0201 |
| TENNESSEE GAS PIPELINE COMPANY | * | SECTION "F" (5) |

Before the Court is the defendant's Motion to Stay and to Compel Arbitration. For the following reasons, the motion is denied.

### Background

In 1956, Terrebonne and Tennessee executed a right-of-way agreement. The agreement states that:

> The Grantee, by the acceptance hereof, agrees to pay for any damage to crops, fences and timber, which may arise from laying, constructing...such pipelines. Said damage, if not mutually agreed upon, to be ascertained and determined by three disinterested persons....

On October 19, 1999, Terrebonne filed suit against Tennessee

DATE OF ENTRY
MAR 1 7 2000

1



claiming damage to its marshland as a result of activities conducted pursuant to the right-of-way agreement.

## I. Motion to Stay and Compel Arbitration

In ruling on a motion to stay, the Court must determine whether the issues raised are within the scope of the arbitration clause. Complaint of Hornbeck Offshore (1984) Corp., 981 F.2d 752, 754 (5th Cir. 1993). "This circuit distinguishes between broad and narrow arbitration clauses. If the clause is broad, the action should be stayed and the arbitrator permitted to decide whether the dispute falls within the clause." Id. If the clause is narrow, the action should not be stayed unless the dispute is within the scope of the clause. Id.

"A presumption of arbitrability exists requiring that whenever then scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration." Mar-Len of Louisiana, Inc. v. Parsons-Gilbane, 773 F.2d 633, 635 (5th Cir. 1985). Unless there is "positive assurance" that the dispute does not fall within the scope of the arbitration clause, a stay should be granted. Wick v. Atlantic Marine, Inc., 605 F.2d 166, 168 (5th Cir. 1979).

The arbitration clause in the right-of-way agreement is narrow because it is limited to disputes regarding damage to "crops, fences and timber." The scope of the arbitration clause

is not "fairly debatable or reasonably in doubt." It can be said with "positive assurance" that alleged damage to the marshland does not fall within the scope of the arbitration clause.

Accordingly,

IT IS ORDERED that the defendant's Motion to Stay and Compel Arbitration is DENIED.